**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3400

———————

UNITED STATES OF AMERICA

v.

PETER CHUN NAM YEUNG,
                              Appellant

———————

No. 07-3478

———————

UNITED STATES OF AMERICA

v.

WAI LEUNG CHU,
                              Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
District Court Nos. 06-cr-00656-1 & 06-cr-00656-2
District Judge: The Honorable Jerome B. Simandle

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 12, 2010

Before: AMBRO, SMITH, and ALDISERT, *Circuit Judges*

(Filed: March 29, 2010)

---

OPINION

---

SMITH, *Circuit Judge.*

These appeals arising from a single criminal trial were consolidated so that the Government could file a single Response Brief. Because the facts and issues raised are similar, we will consider these appeals together.

I.

This case arose out of a multi-year investigation by law enforcement agents into an elaborate scheme to import cigarettes bearing counterfeit trademarks into the United States without paying the required duties and to distribute them throughout the United States and Canada.[1] Peter Chun Nam Yeung ("Yeung"), Wai Leung Chu ("Chu"), and others were charged in Count 1 of the indictment with conspiring to smuggle the cigarettes into the United States, to traffic in goods bearing counterfeit trademarks, and to traffic in contraband cigarettes in violation of 18 U.S.C. § 371. Yeung was also charged in Counts 2 through 5 with substantive counts of trafficking in goods bearing counterfeit trademarks in violation of 18 U.S.C. § 2320(a) and 18 U.S.C. § 2. Chu was additionally charged

---

[1] Because we write only for the parties, we will not set forth the facts at length.

only in Count 3.

Evidence at trial established that Yeung met with coconspirators and undercover agents on numerous occasions to arrange for shipments of the cigarettes. On one occasion, Co Kanh Tang ("Tang"), the leader of the conspiracy, sent Yeung to Canada as his designee to arrange for a shipment of cigarettes. Yeung represented himself as Tang's partner at this meeting. The jury also heard Yeung's post-arrest statement, recounted by Agent Egbert, wherein Yeung acknowledged that he was paid by a coconspirator for his part in the scheme, and that Yeung knew he was working with cigarettes bearing counterfeit marks. Moreover, the jury saw videos of Yeung's participation in various meetings in furtherance of the conspiracy and of him loading and unloading the cigarettes.

Chu was implicated in the conspiracy when he called Chicherin Lee to help him dispose of some of the cigarettes. A load of about 107 cases of cigarettes[2] was stored in a warehouse, and Tang ordered Chu to get rid of them. Chu found a buyer and asked Lee to rent a truck and move the cigarettes from the warehouse, which he did. Lee became a Government witness at trial.

After the close of the Government's case-in-chief, Yeung moved for a

---

[2] A case contains 50 cartons of cigarettes, which have 10 packs of 20 cigarettes each.

3

judgment of acquittal under Federal Rule of Criminal Procedure 29. That motion was denied. The jury returned a verdict of guilty as to Counts 1, 3, and 5 for Yeung, not guilty on Counts 2 and 4, and guilty for Chu on Counts 1 and 3. At their separate sentencing hearings, the District Court imposed on each a two-level role enhancement based on its finding that Yeung and Chu were both managers or supervisors of the scheme under § 3B1.1(c) of the Sentencing Guidelines. Yeung and Chu appeal.[3]

## II.

## A.

Yeung first challenges the District Court's denial of his motion for acquittal, made after the close of the Government's case-in-chief. We review claims challenging the sufficiency of the evidence "to determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. King*, 272 F.3d 366, 370 (3d Cir. 2001) (quotation omitted). Our review is plenary. *United States v. Bornman*, 559 F.3d 150, 152 (3d Cir. 2009) (citation omitted). After reviewing the evidence from the trial, we conclude that a reasonable jury could have convicted Yeung of these charges.

---

[3] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction to review the conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Therefore, we will affirm the District Court's denial of Yeung's motion for acquittal.

Yeung also challenges the District Court's imposition of a two-level enhancement for being a manager or supervisor under § 3B1.1(c). Factual findings relevant to the sentencing guidelines are reviewed for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). We will not disturb them unless we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)). We exercise plenary review over the District Court's interpretation of the guidelines. *Id.*

A two-level aggravating role enhancement is warranted if the District Court finds by a preponderance of the evidence that the defendant was "an organizer, leader, manager, or supervisor in any criminal activity" that did not involve five or more participants and was not otherwise extensive. U.S.S.G. § 3B1.1(c). The District Court's finding that Yeung was a manager or supervisor was not clearly erroneous. While Yeung was not coequal with Tang in his role in the offenses, the District Court's finding that Yeung acted as Tang's partner for the Canada meeting was sound. Further, we find no error in the District Court's rejection of Yeung's argument that he was a mere "gofer" in coordinating the shipments and causing the loading and unloading of the cigarettes.

5

Finally, Yeung argues that the District Court failed to adequately consider the factors in 18 U.S.C. § 3553(a) in fashioning the sentence. We review "a sentence for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (citation omitted). This amounts to abuse-of-discretion review. *Gall v. United States*, 552 U.S. 38, 51 (2007). We find no abuse of discretion in the sentence imposed and will affirm.

## B.

Chu challenges the two-level enhancement imposed on him under § 3B1.1(c) of the guidelines as a manager or supervisor. Chu was held responsible based on the disposal only of the 107 cases of cigarettes. To accomplish this task, Chu recruited Lee to move the cigarettes, found a buyer for them, and directed Lee to the buyer. Chu was no mere message-taker. We see no error in the two-level role enhancement. For the same reason, we see no error in the District Court's denial of a downward adjustment for a mitigating role under § 3B1.2 of the guidelines.

## III.

We will affirm the judgments of the District Court against Yeung and Chu.